UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JORDAN ZITO,

                              Plaintiff,

        v.

STATE OF NEVADA, *et al,*,

                              Defendants.

Case No. 3:25-CV-00024-MMD-CLB

ORDER

## I.    INTRODUCTION

Pro se Plaintiff Jordan Zito sued the State of Nevada, the Department of Health and Human Services, the Division of Welfare and Supportive Services, Mark Amodei in his official and personal capacity, Catherine Cortez Masto, Jacky Rosen in her official and personal capacity, the Department of Taxation, and Raley's Supermarkets, and now objects (ECF No. 7 ("Objection")) to United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 6 ("R&R")), recommending that the Court grant Plaintiff's application to proceed *in forma pauperis* (ECF No. 4), file his complaint (ECF No. 1-1 ("Complaint")), dismiss the Complaint with prejudice, deny his "discovery disqualification" motion (ECF No. 5) as moot, and close this case. As further explained below, the Court overrules Plaintiff's Objection, and adopts the R&R in full.

## II.    DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation]

///

///

to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection.[1]

Judge Baldwin first recommends granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 6 at 1-2.) The Court will accept the recommendation without further review because Plaintiff received the intended outcome of his application and did not explicitly object to its granting.

Judge Baldwin then screens Plaintiff's Complaint. (*Id.* at 3-4.) He seeks in part:

> I am seeking to Instruct the Legislature for corrections, and to Petition this redress of grievance; which I thought had already been settled, but apparently needs to be redressed according to common law; because I have been defrauded, which is crime, and to recover costs, damages, and what would be reasonable attorney fees, as well as administer law and equity, in various types of relief, as i consider this Involuntary Servitude and Slavery, especially in regards to the House of Representatives, and the incoming "President of the United States". I don't want to go backwards, I don't want to repeat. (ECF No. 1-1 at 3.)

Judge Baldwin recommends the Complaint be dismissed because, even construing these allegations liberally, "the Court cannot conceive or construe any specific set of circumstances under which these conclusory statements would give rise to any federal constitutional or statutory right." (ECF No. 6 at 4.) The Court agrees.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in

---

[1] Plaintiff objects to the entire R&R. (ECF No. 7 at 14.) However, Plaintiff's Objection is largely unintelligible, so it is unclear to the Court what Plaintiff specifically objects to and the reasoning behind said objections. The Court will accordingly review the entire R&R.

1  reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants

2  not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A

3  liberal construction may not be used to supply an essential element of the claim not

4  initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

5      Plaintiff appears to allege fraud against the State of Nevada (and various actors of

6  the State) and Raley's Supermarkets, but it is not readily apparent in what capacity. For

7  example, he seems to allege fraud against the State based on a caseworker in the

8  Supplemental Nutrition Assistance Program using an incorrect date and therefore

9  "create[ing] a false record," and against Raley's Supermarkets for soliciting bottle deposits

10 and listing the wrong name of a purchased beverage on a receipt. (ECF No. 1-1 at 3, 7,

11 8.) The Court cannot see how these actions connect to an allegation of fraud.

12     Plaintiff also claims relief under the First, Seventh, and Tenth Amendments (*Id.* at

13 1-2), but it is unclear how these Amendments relate to his alleged harms such that they

14 would provide relief. Moreover, he reiterates in the Objection that the relief he seeks is

15 "[t]o instruct the Legislature for corrections," "[t]o have an enforcement mechanism for

16 Waiver of Preliminary Agreement," and "to recover damages." (ECF No. 7 at 1.) However,

17 he does not explain how this relief comes from his cited causes of action.

18     Even construing these allegations together and liberally, the Complaint is largely

19 incomprehensible. It is unclear precisely what harm occurred to Plaintiff, how that harm

20 connects to a cause of action, and how relief may be granted on his claims. Judge Baldwin

21 is therefore correct in her determination that Plaintiff does not state a claim upon which

22 relief may be granted, so this action must be dismissed. Leave to amend is inappropriate

23 here because the issues identified by the Court cannot be cured by amendment. *See*

24 *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

25 **III.    CONCLUSION**

26     It is therefore ordered that Plaintiff's Objection (ECF No. 7) to Judge Baldwin's

27 Report and Recommendation (ECF No. 6) is overruled.

28     It is further ordered that Judge Baldwin's Report and Recommendation (ECF No.

6) is adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* is (ECF No. 4) granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Plaintiff's "discovery disqualification" motion (ECF No. 5) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4